IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ruth Ann Keffer, | ) | C/A No.: 1:20-1801-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion of counsel for Plaintiff for fees under 42 U.S.C. § 406(b). [ECF No. 19]. On January 5, 2021, the court reversed the Commissioner's decision that had denied Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 17]. The Commissioner subsequently awarded Plaintiff total past-due benefits in the amount of $48,668. [ECF No. 19-4]. On December 13, 2021, counsel requested the court authorize a fee in the amount of $12,167, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in a contingent fee agreement dated April 10, 2019. [ECF Nos. 19 and 19-3 at 2–3]. The Commissioner subsequently filed a response representing she was not the real party in interest and deferring to the

court's discretion as to whether the request for attorney fees was reasonable under the law. [ECF No. 20].

On December 22, 2021, the court issued an order noting Plaintiff's counsel had represented in the motion that "[o]nce the fees requested [pursuant to 42 U.S.C. § 406(b)] in this case are approved," he "will refund to the claimant the amount previously awarded in EAJA fees upon the receipt of those fees," ECF No. 19-1 at 9, but that Plaintiff's counsel had failed to submit a petition for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and that the time for submitting such a petition had expired. [ECF No. 21]. The court requested Plaintiff's counsel file a response providing his reasons for declining to file an EAJA petition in the matter. *Id.* Plaintiff's counsel subsequently filed a reply indicating he had inadvertently missed the deadline for filing an EAJA fee petition and "was prepared to act in accord with the decision rendered by this Court regarding an award of fees." [ECF No. 23].

The court has considered counsel's motion for fees under 42 U.S.C. § 406(b) and his subsequent response to the court's order dated December 22, 2021, and approves the motion for fees of a reduced amount, as set forth herein.

I.       Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides in relevant part: "If it is necessary to file an appeal in the Federal Court, the six thousand ($6,000.00) Dollar fee limitation shall not apply, and the agreed upon fee shall be twenty-five percent of all past due benefits, whether Title II, Title XVI, or a combination of the two." [ECF No.

19-3 at 2–3]. Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. A review of the docket shows the Commissioner filed the answer and administrative transcript on October 15, 2020, making Plaintiff's brief due by November 16, 2020. [ECF Nos 13, 14]. Plaintiff's counsel filed a brief out of time on November 17, 2020. [ECF No. 15]. However, his one-day delay did not affect the accumulation of past-due benefits.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. Plaintiff's counsel asserts that he represented the claimant for 30.15 hours. [ECF No. 19-1 at 9]. The requested fee is consistent with an hourly rate of $403.55, which exceeds the standard rate of $180 per hour that he references in his motion. *See id.* However, "[i]f the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiffs may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010)). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds

4

his hourly non-contingent rates is not unreasonable and does not result in a windfall.

The results achieved in this matter weigh in favor of the requested fee. Plaintiff's counsel provided exemplary representation in raising meritorious arguments in the brief he filed with the court. *See* ECF No. 15. As a result, the court found the Administrative Law Judge ("ALJ") had erred in evaluating Plaintiff's subjective allegations and assessing her residual functional capacity, reversed the ALJ's decision, and remanded the case for further administrative proceedings. *See* ECF No. 17. Counsel presumably provided excellent representation to Plaintiff at the administrative level, as well, given an award of total past due benefits of $48,668 for a period beginning in August 2016, as well as continuing monthly benefits and Medicare coverage. *See* ECF No. 19-4.

Nevertheless, this court considers it appropriate to reduce the amount of Plaintiff's counsel's fee based on the character of the representation and results achieved, as it was substandard representation for him to neglect to file an EAJA fee petition. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *Gisbrecht*, 535 U.S. at 808 (citing *McGuire v. Sullivan*, 873 F.2d

5

974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–50 (6th Cir. 1983) (instructing reduced fee when representation is substandard)).

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). The "EAJA requires prevailing parties seeking an award of fees to file with the court, '*within thirty days of final judgment in the action*,' an application for fees and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (emphasis in original), citing 28 U.S.C. § 2412(d)(1)(B). In *Melkonyan*, 501 U.S. at 102, the Supreme Court clarified that for cases remanded pursuant to sentence four of 42 U.S.C. § 405(g) "the filing period begins after the final judgment

6

('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." For actions in which a United States agency is a party, Fed. R. App. P. 4(a)(1)(B) provides that a notice of appeal may be filed within 60 days after entry of the judgment. Thus, an EAJA fee petition must be filed within 90 days of the court's order reversing the Commissioner's decision and the entry of judgment, provided no appeal is filed.

This court issued an order reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the matter for further administrative proceedings on January 5, 2021, and the Clerk of Court entered a judgment the same day. *See* ECF Nos 17, 18. Because the Commissioner did not appeal the court's decision, it became effective on March 8, 2021.[1] Thus, Plaintiff's counsel was required to submit an EAJA fee petition by April 7, 2021. Counsel does not maintain the conditions for an award of an EAJA fee were not met, but concedes he "inadvertently missed" the deadline to file an EAJA fee petition in this matter. *See* ECF No. 23.

The contingent fee agreement between Plaintiff and counsel addresses EAJA fees as follows:

> I acknowledge that a federal court may award my attorney a reasonable fee under the Equal Access to Justice Act ("EAJA"), in

---

[1] The 60-day period expired on Saturday, March 6, 2021, giving the Commissioner until Monday, March 8, 2021 to file an appeal. *See* Fed. R. Civ. P. 6(a)(1)(C).

7

> which event such award shall be payable to my attorney and retained by my attorney to the extent permitted by law, and I shall not be entitled to any such award and assign said award to my attorney and authorize him to endorse my signature upon any check representing payment of an attorney's fee under the EAJA; provided, however, that I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C. § 406(b).

[ECF No. 19-3 at 2]. Thus, it specifically provides that Plaintiff may be credited for an EAJA fee if an attorney fee is awarded pursuant to § 406(b). This is consistent with *Gisbrecht*, 535 U.S. at 789, in which the Supreme Court noted fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of past-due benefits." This court routinely approves 25% contingency fees pursuant to § 406(b) and orders counsel to refund to the plaintiff the amount of the EAJA fee previously received. *See, e.g.*, *Jackson v. Saul*, C/A No. 1:19-2683-SVH, 2020 WL 7055515 (D.S.C. Dec. 2, 2020); *Walling v. Berryhill*, C/A No. 4:15-3246-TLW, 2019 WL 1557674 (D.S.C. Apr. 10, 2019); *Vinson v. Colvin*, C/A No. 4:14-3754-TER, 2016 WL 2853564 (D.S.C. May 16, 2016).

A review of the record suggests that if Plaintiff's counsel had filed a motion for attorney fees pursuant to the EAJA, the court would have granted the motion, as Plaintiff was the prevailing party, the government's position was not substantially justified, and no special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656

8

(4th Cir. 1991). Given the terms in the parties' contingent agreement, the Supreme Court's direction in *Gisbrecht*, and this court's prior precedent, counsel would have been required to credit Plaintiff for the amount the court awarded pursuant to the EAJA. However, because counsel failed to file a motion for attorney fees pursuant to the EAJA, the court cannot order counsel to refund the EAJA fee to Plaintiff.

In *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966), the Fourth Circuit noted "judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar." Because counsel's omission resulted in reduced funds to compensate him for his services and to support and maintain the disabled Plaintiff, it is appropriate for the court to reduce counsel's fee to offset the reduced funds available.

Counsel's itemized statement of time reflects total time of 30.15 hours, but only 19.5 hours of his time would be applicable to calculation of a fee pursuant to the EAJA.[2] *See* ECF No. 19-2. Based on the standard rate of $180 per hour counsel references in his memorandum, it appears he would have likely requested an EAJA fee of $3,510. *See* ECF No. 19-1 at 9.

---

[2] Counsel also itemizes time expended at the administrative level and time spent preparing the § 406(b) petition. *See* ECF No. 19-2.

However, attorney fees requested pursuant to the EAJA are often reduced by the court or pursuant to the parties' stipulations, such that the court would have reasonably approved an attorney fee of $3,000. Therefore, the court finds it appropriate to award counsel a fee of $9,167 under 42 U.S.C. § 406(b), representing a reduction of $3,000 from the maximum contingent fee.

In light of the foregoing, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b), but approves a reduced attorney fee of $9,167. The Commissioner is ordered to remit to counsel an attorney fee of $9,167 and to return to Plaintiff the amount of $3,000, representing the difference between the $12,167 withheld from her past-due benefits to pay an attorney fee and the approved attorney fee of $9,167.

IT IS SO ORDERED.

January 6, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge